1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  MARK R. CONRAD (SBN 255667)
   Assistant United States Attorney
4
          450 Golden Gate Avenue, Box 36055
5         San Francisco, CA 94102-3495
          Telephone: (415) 436-7025
6         Fax: (415) 436-6748
          Email: mark.conrad@usdoj.gov
7
   Attorneys for Defendant
8

9  Joseph M. Pleasant, Esq. (CSBN 179571)
   REESE LAW GROUP
10 A Professional Law Corporation
   6725 Mesa Ridge Road, Suite 240
11 San Diego, CA 92121
   Telephone: (858) 550-0389 x220
12 Fax: (858) 550-0941
   Attorneys for Plaintiff
13

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                       SAN FRANCISCO DIVISION
17

18 | STATE FARM MUTUAL AUTOMOBILE | Docket No. C 12-04678 MEJ
   | INSURANCE COMPANY,
19 |
   |        Plaintiff,
20 |
21 | v.                          | **STIPULATION FOR COMPROMISE
   |                             | SETTLEMENT AND RELEASE;**
22 | UNITED STATES OF AMERICA,   | [PROPOSED] **ORDER**
   |
23 |        Defendant.

24

25

26

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C 12-04678 MEJ

It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on September 7, 2012;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the United States Mint, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount**. The United States of America agrees to pay the sum of Five Thousand Dollars and Ninety-Eight Cents ($5,000.98 USD) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or its guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

//

4. **Release**. Plaintiff and its guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and its guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or its guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

//

//

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by its attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Electronic Funds Transfer**. Payment of the settlement amount shall be deposited by electronic fund transfer to the bank account Plaintiff shall designate in an Electronic Funds Transfer enrollment form the Plaintiff will provide to the undersigned Assistant United States Attorney within five days of executing this Agreement. Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff. Plaintiff and his attorney //

have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This

//
//
//
//
//

Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: 1-9-13

_____
Plaintiff

DATED: 1-9-13

_____
Plaintiff's Attorney

DATED: 1/10/13

_____
Assistant United States Attorney
Attorney for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 14, 2013

_____
HON. MARIA-ELENA JAMES
United States Magistrate Judge

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C 12-04678 MEJ                              6

# Exhibit A

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
MARK R. CONRAD (SBN 255667)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-7025
    Fax: (415) 436-6748
    Email: mark.conrad@usdoj.gov

Attorneys for Defendant

Joseph M. Pleasant, Esq. (CSBN 179571)
REESE LAW GROUP
A Professional Law Corporation
6725 Mesa Ridge Road, Suite 240
San Diego, CA 92121
Telephone: (858) 550-0389 x220
Fax: (858) 550-0941
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Docket No. C 12-04678 MEJ<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) AND N.D. CIV. L.R. 77-2(c).** |

STIPULATION OF DISMISSAL WITH PREJUDICE
No. C 12-04678 MEJ

## STIPULATION OF DISMISSAL WITH PREJUDICE

It is hereby stipulated by and between the undersigned Plaintiff State Farm Mutual Automobile Insurance Company and Defendant United States of America, by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on September 7, 2012;

WHEREAS, Plaintiff and Defendant, wishing to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, entered into a Settlement Agreement ("Agreement") on January __, 2013, in consideration of the mutual promises contained therein, and other good and valuable consideration, the adequacy of which was acknowledged by Plaintiff and Defendant;

WHEREAS, this action is not subject to Rules 23(e), 23.1(c), 23.2, or 66, and therefore may be dismissed voluntarily pursuant to the stipulation of all parties who have appeared, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), and may be ordered dismissed by the Clerk without further direction of a Judge, *see* N.D. Civ. L.R. 77-2(c);

NOW, THEREFORE, it is hereby agreed, by and between Plaintiff State Farm Mutual Automobile Insurance Company and Defendant United States of America, through their undersigned counsel, that this action shall be and hereby is dismissed *with prejudice*, each party to bear its own fees and costs.

IT IS SO STIPULATED.


DATED: January ___, 2013        MELINDA HAAG
                                United States Attorney


                                _____
                                MARK R. CONRAD
                                Assistant United States Attorney

STIPULATION OF DISMISSAL WITH PREJUDICE
No. C 12-04678 MEJ                              2

Case 3:12-cv-04678-MEJ   Document 10   Filed 01/14/13   Page 10 of 10

DATED: January __, 2013          REESE LAW GROUP

_____
JOSEPH M. PLEASANT
Attorneys for Plaintiff

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

_____
HON. MARIA-ELENA JAMES
United States Magistrate Judge

STIPULATION OF DISMISSAL WITH PREJUDICE
No. C 12-04678 MEJ                                    3